1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8  UNITED STATES DISTRICT COURT

9  FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al., | Case No.:   C09-0245 BZ |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| NUNN BETTER PAINTING, INC., a California Corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant NUNN BETTER PAINTING, a California corporation, or successor entities; ("Defendant"), as follows:

    1.    Defendant entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"), which Agreement has since terminated.

    2.    Defendant became indebted to the Trust Funds for amounts found due on an audit of its payroll records for the period November 1, 2006 through December 31, 2008, as follows:

| 11/1/06 – 12/31/08 Audit | Contribution Underpayments | $10,479.96 | |
|---|---|---|---|
| | Liquidated Damages | $750.00 | |
| | 5% Interest | $788.82 | |
| | Improper Payments | ($2,864.84) | |
| | 10% Administrative Fee | $286.48 | |
| **TOTAL DUE** | | | **$9,440.42** |

3. Defendant shall *conditionally* pay the amount of **$8,690.42**, representing all above amounts, less liquidated damages in the amount of **$750.00** *conditioned upon Trustees approval and timely compliance with all of the terms of this Stipulation,* as follows:

(a) On or before January 29, 2010, and no later than the last business day of each month thereafter for a period of twelve (12) months, through and including December 31, 2010, Defendant shall pay to Plaintiffs the amount of **$700.00**;

(b) Prior to Defendant's December 31, 2010 payment, Plaintiffs shall advise Defendant of the remaining balance due to Plaintiffs under the terms herein, and the balance shall be paid on December 31, 2010;

(c) These payments may be made by joint check to Defendant and Plaintiffs' Trust Funds, and if so, shall be endorsed prior to submission;

(d) Defendant shall have the right to increase the monthly payments at any time, without penalty;

(e) Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

(f) Payments shall be made payable to the *"Bay Area Painters and Tapers Trust Funds"* and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California  94104, **to be <u>received</u> on or before the last business day of each month**, or to such other address as may be specified by Plaintiffs.

4. Ronald Nunn (hereinafter "Guarantor") acknowledges that he is the President of Nunn Better Painting, Inc., and that he specifically consents to the Court's jurisdiction, as well as

the use of a Magistrate Judge for all proceedings herein. Mr. Nunn confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to Nunn Better Painting, Inc. shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

5. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, of the amount of the final lump sum payment and any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional interest and attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before December 31, 2010. Plaintiffs shall also advise whether the conditional waiver of liquidated damages have been granted in whole or in part. If liquidated damages remain due, these amounts will be included in the final payment.

6. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name and address of job, and identity of general contractor. **Defendant shall fax said updated list by the last business day of each month to Muriel B. Kaplan at 415-882-9287.**

7. In the event that Defendant fails to make any payment referenced herein in a timely manner as required, or if payment is made and fails to clear the bank, or is unable to be negotiated for any reason, or if Defendant fails to submit its monthly job list, Defendant shall be considered to be in default of this Stipulation.

8. In the event of a default, Plaintiffs will provide Defendant/Guarantor with written notice of the default, allowing seven (7) days from the date of the notice in which to cure the default. All future payments shall be made by cashier's check if the default was caused by a failed check. In the event that a default is not timely cured, the following will occur:

(a) The entire balance of **$9,440.42** as specified in paragraph 2**,** plus interest as specified above, but reduced by principal payments received from Defendant/Guarantor shall be due and payable, together with any attorneys' fees and costs incurred in this matter;

    (b) A writ of execution may be obtained against Defendant/Guarantor without further notice in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default;

    (c) Defendant/Guarantor expressly waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure entry of Judgment without a noticed motion, and the issuance of a Writ of Execution thereon;

    (d) Defendant/Guarantor shall pay all costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation.

  9. In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

  10. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

  11. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

  12. This Stipulation is limited to the agreement between the parties with respect to the

**-4-**
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-0245 BZ**

1  delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.
2  This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendant
3  acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,
4  if any, against Defendant and its control group, if any, as provided by the Plaintiffs' Plan
5  Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the
6  law.

7          13.     All parties represent and warrant that they have had the opportunity to be or have
8  been represented by counsel of their own choosing in connection with entering this Stipulation
9  under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

10  / / /
11  / / /
12  / / /
13  / / /
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

14.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: January 25, 2010            **NUNN BETTER PAINTING, INC.**

By: _____/s/_____
  Ronald Nunn
  President

Dated: January 25, 2010            **RONALD NUNN**

_____/s/_____
Individually, as Guarantor

Dated: January 25, 2010            **SALTZMAN AND JOHNSON LAW CORPORATION**

_____/s/_____
Muriel B. Kaplan
Attorneys for Plaintiffs

**IT IS SO ORDERED**.

Dated: _January 26, 2010_, 2010      _____
                                     UNITED STATES MAGISTRATE JUDGE

-6-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-0245 BZ**

P:\CLIENTS\PATCL\Nunn Better\Pleadings\C09-0245 BZ - Judgment Pursuant to Stipulation [REVISED] 012210.doc

14. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: January 25, 2010

**NUNN BETTER PAINTING, INC.**

By: _/s/ Ronald Nunn_
Ronald Nunn
President

Dated: January 25, 2010

**RONALD NUNN**

_/s/ Ronald Nunn_
Individually, as Guarantor

Dated: January 25, 2010

**SALTZMAN AND JOHNSON LAW CORPORATION**

_/s/ Muriel B. Kaplan_
Muriel B. Kaplan
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: _____, 2010

_____
UNITED STATES MAGISTRATE JUDGE

-6-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C09-0245 BZ